E-FILED
Tuesday, 05 January, 2021  01:18:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

MICHAEL F.,                              )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )     Case No. 4:19-cv-04062-SLD-JEH
                                         )
ANDREW SAUL,                             )
                                         )
            Defendant.                   )

<u>ORDER</u>

Before the Court is Plaintiff Michael F.'s Motion for EAJA Fees, ECF No. 16.  Michael requests that the Court award him $1,433.25 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees to a prevailing party in any civil action brought by or against the United States.  For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

Michael filed suit on March 21, 2019, alleging that the Commissioner of the Social Security Administration's ("the Commissioner") final decision denying him Social Security benefits was not supported by substantial evidence and was contrary to law.  Compl., ECF No. 1. Michael moved for summary judgment, ECF No. 9, and the Commissioner moved for summary affirmance, ECF No. 12.  On July 24, 2020, the Court granted Michael's motion, reversed the Commissioner's decision, and remanded the case for further proceedings pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Order, ECF No. 14.  Judgment was entered on July 31, 2020. Judgment, ECF No. 15.  The instant motion followed.

**DISCUSSION**

I.      **EAJA Fees**

Under the EAJA, a successful litigant against the federal government is entitled to recover fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Michael is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" conferred prevailing party status under the EAJA); *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Michael's request for fees is timely.  Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within thirty days of final judgment in the action.  The term "final judgment" refers to judgments entered by a court of law, not the decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991).  Moreover, in Social Security cases involving a remand, the filing period for fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a

2

judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended.").  Here, the Motion for EAJA Fees was filed on October 22, 2020.  The judgment was entered on July 31, 2020.  Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), so Michael's request is timely.

The next issue with respect to Michael's request for EAJA fees is whether the government's position was "substantially justified."  Fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  For the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases and a reasonable connection between the facts and his legal theory.  *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).  Critically, the Commissioner has the burden of proving that his position was substantially justified.  *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)).  Here, the Commissioner does not oppose Michael's request.  *See* Resp. 1, ECF No. 17.  The Commissioner thus cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make a fee award unjust.  Therefore, Michael is entitled to recover reasonable attorney's fees under the EAJA.

**II.      Reasonableness of Michael's Attorney's Fees**

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate.  *Id.* at 433.  This rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that an increase in the cost of living or a "special factor, such as the

limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly

rate.  28 U.S.C. § 2412(d)(2)(A).  The Seventh Circuit has set forth the following standard for

EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate
> need not offer either (1) proof of the effects of inflation on the particular
> attorney's practice or (2) proof that no competent attorney could be found for less
> than the requested rate.  Instead, an EAJA claimant may rely on a general and
> readily available measure of inflation such as the Consumer Price Index, as well
> as proof that the requested rate does not exceed the prevailing market rate in the
> community for similar services by lawyers of comparable skill and experience.
> An affidavit from a single attorney testifying to the prevailing market rate in the
> community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to the itemization

of hours Michael submitted.  *See* Itemization of Hours, ECF No. 16-2.  The itemization shows

that Michael's attorney spent 17.8 hours on his case.  *Id.* at 2.  The Court finds that all 17.8 hours

spent on this case were appropriately billed.  *See Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-

PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh

Circuit have found 40 to 60 hours expended on a social security appeal reasonable).

Michael asserts that his attorney's work should be compensated at an hourly rate of

$183.75.  *See* Mem. Supp. Mot. EAJA Fees 6, ECF No. 16-1.  To explain and justify the

requested rate, he points to the change in the consumer price index ("CPI") for all consumers

nationwide[1] between the time the EAJA was enacted (March 1996) and January 2015.  *Id.* at 5–

6.  No explanation is provided for choosing January 2015 as a reference point.  Generally, courts

multiply the $125 limit by the ratio of the CPI at the time legal services were rendered to the CPI

---

[1] There is some confusion in the case law over whether courts should use a regional CPI or the national CPI.  *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPI).  The Court follows Michael's lead and uses the national CPI.

when the EAJA was enacted to determine what fee above the statutory ceiling may be authorized. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

In this case, most of the work was performed in 2019. *See* Itemization of Hours 1–2. The average CPI for 2019 was 255.657. *See* U.S. Bureau of Labor Statistics, CPI for all Urban Consumers (CPI-U), https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (change output option to from 1996 to 2020 and check include annual averages) (last visited Jan. 5, 2021). As the CPI was 155.7 in March 1996, *id.*, the CPI had increased by a factor of 1.64198. An increase of the $125 statutory cap to $205.25 would therefore be warranted. This exceeds the $183.75 hourly rate sought. Affidavits provided by Michael's attorney and two other attorneys who perform social security or other comparable litigation in this area demonstrate that the requested rate does not exceed market rate. *See* DePree Aff. 1, ECF No. 16-4; Keller Aff. 1, ECF No. 16-5; Dietzenbach Aff. ¶ 3, ECF No. 16-6.

Using the $183.75 hourly rate requested, the total amount of attorney's fees for the 17.8 hours of work Michael's attorney performed would be $3,270.75. Michael requests an amount less than that: $1,433.25.[2] This amount is reasonable. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, No.

---

[2] In his memorandum in support, Michael writes: "At $183.75 per hour, times 17.8 hours, the total attorney fees under the Equal Access to Justice Act would be 17.8 x $ 183.75 or $1433.25." Mem. Supp. Mot. EAJA Fees 7. As explained above, however, the total amount of attorney's fees for 17.8 hours at $183.75 would be $3,270.75. The Court pointed out this apparent mistake to Michael and directed him to clarify the amount of fees sought. *See* Dec. 9, 2020 Text Order. The Court sua sponte extended the deadline after Michael failed to submit a clarification and warned Michael that it would presume he was seeking $1,433.25 despite any suggestion to the contrary in the briefing if no clarification was filed. *See* Dec. 21, 2020 Text Order. Michael failed to file a clarification by the new deadline.

1:16-cv-00122-SLC, 2018 WL 5668934, at *3, 5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees, collecting cases approving similar rates).

## CONCLUSION

The Motion for EAJA Fees, ECF No. 16, is GRANTED.  Plaintiff Michael F. is awarded $1,433.25 in EAJA fees.  These fees may be offset to satisfy any pre-existing debt that Michael owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  Michael has assigned his right to EAJA fees to his attorney, Att'y Fee Contract, ECF No. 16-3, so if the Commissioner determines that Michael owes no pre-existing debt to the United States, the Commissioner shall direct payment of the award to Michael's attorney.  *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011).  If Michael does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable to Michael and mailed to the business address of Michael's attorney.

Entered this 5th day of January, 2021.

s/ Sara Darrow

SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE